IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES LEE GREENFIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. CIV-21-839-R |
| | ) |
| COLLEN GALAVIZ, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the Court is the Report and Recommendation [Doc. No. 12] of United States Magistrate Judge Suzanne Mitchell, entered on January 12, 2022, reasoning that the undersigned should screen and dismiss Plaintiff Charles Lee Greenfield's 42 U.S.C. § 1983 action [Doc. No. 1] pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2)(B) and *Heck v. Humphrey*, 512 U.S. 477 (1994). Mr. Greenfield has timely filed his objection [Doc. No. 17], and the matter is ripe for decision. For the reasons laid out below, on *de novo* review, the Court ADOPTS the Report and Recommendation and DISMISSES Plaintiff's Complaint. Doc. No. 1.

Mr. Greenfield's action stems from the prosecutors' and judge's alleged violations of his due process rights under the Fourteenth Amendment to the U.S. Constitution during his prosecution for second degree murder. Doc. No. 17 at 4; *see also State v. Greenfield*, No. CF-2018-5348.[1] Judge Mitchell recommends the Court screen and dismiss the

---

[1] Available at https://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=CF-2018-5348 (last accessed April 18, 2022). The Court takes judicial notice of Plaintiff's state court conviction of two counts of second degree murder and several other charges. Mr. Greenfield additionally has an appeal pending before the Oklahoma

Complaint under §§ 1915A, 1915(e)(2)(B) because Plaintiff's claims are barred by *Heck v. Humphrey*. Doc. No. 12 at 4–6. Mr. Greenfield's objection does not attack Judge Mitchell's conclusion. *See* Doc. No. 17 at 4–7. Instead, it provides additional details regarding the prosecutors' and judge's alleged violations of his due process rights. *Id*.

The Court has an independent duty to dismiss any action that fails to state a claim upon which relief may be granted when a case proceeds before it *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court "'must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to . . . [P]laintiff.'" *Thomas v. Kaven*, 765 F.3d 1183, 1190 (10th Cir. 2014) (citation omitted). To survive dismissal, Plaintiff's Complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Under the *Heck* doctrine, a state prisoner cannot pursue § 1983 relief premised on the invalidity or duration of the prisoner's confinement. *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005); *see generally Heck*, 512 U.S. 477. When determining whether a prisoner may pursue a claim seeking redress from a governmental entity or officer or employee, a court must consider whether a judgment in the prisoner's favor would "necessarily imply the invalidity of his conviction or sentence." *Id*. at 487. If so, the court must dismiss the complaint if the conviction or sentence has not been invalidated. *See Id*.

---

Court of Criminal Appeals. *See Greenfield v. State*, No. F-2021-793, available at https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=F-2021-793&cmid=130857 (last accessed April 18, 2022); *see also United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion to "take judicial notice of publicly-filed records in [this] court . . . concerning matters that bear directly upon the disposition of the case at hand.") (citation and quotation marks omitted).

Having reviewed Plaintiff's complaint and objection, the Court agrees with Judge Mitchell that success on Mr. Greenfield's claims "would necessarily imply the invalidity of his conviction." *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999) (citations omitted). Plaintiff accordingly cannot proceed with a § 1983 action "until the conviction has been overturned." *Id.* at 557, 558 n.3. Mr. Greenfield claims that Defendant prosecutors and judge have violated his due process rights by changing information in his indictment, issuing false rulings, slandering the Plaintiff, and violating statutes. Doc. No. 1 at 6. Such conduct, if true, would necessarily imply the invalidation of his conviction. Furthermore, he has failed to demonstrate that his conviction has been overturned or is otherwise invalid. Consequently, the Court ADOPTS Judge Mitchell's Report and Recommendation and DISMISSES Plaintiff's Complaint [Doc. No. 1] for failure to state a claim upon which relief can be granted.

IT IS SO ORDERED this 18th day of April 2022.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE